**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DANA PERRY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 26-cv-017-GLJ** |
| | ) |
| **STATE FARM FIRE AND CASUALTY** | ) |
| **COMPANY, and STATE FARM** | ) |
| **MUTUAL AUTOMOBILE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on Plaintiff's motion to remand. Plaintiff initiated this action in state court in Pontotoc County, Oklahoma against the above-named Defendants. Defendants removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. *See* Docket No. 2 ("Notice of Removal"). Plaintiff now seeks to have the case remanded to state court for lack of diversity jurisdiction. For the reasons set forth below, the Plaintiff's Motion to Remand Case to State District Court and Supporting Brief [Docket No. 18] is DENIED.

**Procedural History**

Plaintiff, an Oklahoma resident, filed this action on December 10, 2025, in state court in Pontotoc County, Oklahoma, in Case No. CJ-2025-263. Plaintiff asserts separate claims against each Defendant for breach of contract and breach of the duty of good faith and fair dealing arising out of tornado damage to her vehicle and home HVAC system.

*See* Docket No. 2, Ex. 1.  On January 20, 2026, Defendants removed this action based on diversity jurisdiction because Plaintiff is a resident of the State of Oklahoma, and both Defendants are a foreign insurance companies incorporated in and with their principal places of business in the State of Illinois.  *See* Docket No. 2.  Defendants further allege diversity jurisdiction is proper because the amount in controversy, inclusive of attorney's fees and punitive damages, exceed $75,000.  *Id.*  Plaintiff moves to remand, asserting there is no diversity jurisdiction.  Plaintiff does not dispute there is diversity of the parties, but instead argues Defendants failed to establish by a preponderance of the evidence that the jurisdictional amount is more than $75,000.  *See* Docket No. 18.

**Analysis**

### I.    Legal Standard

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress.  *See* U.S. Const. art. III, § 2, cl. 1, & *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs."  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."  *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100,

108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936). "[A]ll doubts are to be resolved against removal."  *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 332, 333 (10th Cir. 1982).

Section 1446(a) requires that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  If a plaintiff contests the removal, however, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.   28 U.S.C. § 1446(c)(2)(B).  Thus, the "defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it *possible* that $75,000 [is] in play."  *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).  In considering whether the amount-in-controversy requirement has been satisfied, courts may rely on their "judicial experience and common sense[.]"  *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010)

## II.     Jurisdictional Amount in Controversy

In her Petition, Plaintiff alleges separate claims for breach of contract and bad faith breach of contract under her automobile policy ("Auto Claim") and breach of contract and bad faith breach of contract under her home owner's policy ("Home Claim").   Specifically, Plaintiff alleges Defendant State Farm Mutual Automobile Insurance Company breached her automobile policy when it improperly valued her

Chevrolet Silverado pickup that was totaled in a March 4, 2025 tornado and Defendant State Farm Fire and Casualty Company denied her claim under her home owner's policy for damage to her home's HVAC system caused by the same tornado. *See* Docket No. 2, Ex. 1. As to each of her Auto and Home Claims, Plaintiff separately pleads damages "in a sum in excess of $10,000.00, plus her reasonable attorney's fees, costs and interest." *Id*.[1] As to her bad faith claims for each of her Auto and Home Claims, Plaintiff separately pleads she is "entitled to assessment of punitive damages in a sum in excess of $10,000.00." *Id*.

Plaintiff argues that, despite her prayer for relief for each of her four claims seeking damages in excess of $10,000, she is only seeking total actual damages of $10,100, which is derived from the $2,600 under valued amount for the Auto Claim and $7,500 for the Home Claim. In support of her newly limited damages, Plaintiff attaches an affidavit to her Motion to Remand referencing an invoice for her HVAC system of $7,500. *See* Docket No. 18, Ex. 1.[2] Plaintiff also challenges Defendants' inclusion of attorney's fees in any calculation of the jurisdictional amount, despite her own request for attorney's fees in her prayer for relief for both the Auto and Home Claims. *See* Docket No. 18. Finally, Plaintiff argues that, even if included, any reasonable attorney's fee recovery would be low due to her small damage request and that only a "home run" punitive damages recovery would push her recovery over the jurisdictional threshold. *Id*.

---

[1] Although Plaintiff alleges that Defendant valued her vehicle at "approximately $2,600.00 less than the vehicle's actual cash value", *see* Docket No. 2, Ex. 1 at ¶ 11, she does not so limit her requested damages in her prayer for relief for the Auto Claim, *id*.

[2] The affidavit references an attached invoice for the HVAC system, but none was attached to the affidavit. *See* Docket No. 18, Ex. 1.

### A.       Requested Damages

Typically, the sum demanded in good faith in the initial pleading is deemed to be the amount in controversy.  28 U.S.C. § 1446(c)(2).  In the absence of an explicit demand for more than $75,000, however, removing defendants must show the amount in controversy through other means, including estimates of potential damages from the allegations in the plaintiff's pleading, a proposed settlement amount, discussions between counsel, etc.  *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

#### 1.  Pled Damages

Defendants argue that Plaintiff is seeking a total of "at least $40,000" in damages for her four claims.  *See* Docket No. 2, ¶ 7.  Plaintiff counters that she is only seeking $10,100 in damages and that she is prohibited from any double recovery.  *See* Docket No. 18, p. 6.  First, it is a fundamental premise of Oklahoma law that a claim for bad faith and a claim for breach of contract are separate and independent bases for recovery.  *Owens v. Resources Life Ins. Co.*, 2007 WL 2607845, at *10 (N.D. Okla. Sept. 5, 2007) (citing *Taylor v. State Farm Fire & Cas. Co.*, 981 P.2d 1253, 1258 (Okla.1999).  Plaintiff alleges two separate and distinct claims in her Petition involving two separate and distinct insurance policies.  Plaintiff's prayer for relief seeks damages in excess of $10,000 for each of the four claims.  As a result, a recovery for each claim would not be a prohibited double recovery because Plaintiff asserts four separate and distinct claims.  Thus, Defendants are correct that Plaintiff seeks a total of at least $40,000 in damages.

Second, Plaintiff may not reduce her damage claim after removal.

> The law is clearly established that plaintiffs may not defeat removal based on diversity of citizenship by a reduction of the amount in controversy after removal. The Supreme Court has stated that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing"); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) (holding that a plaintiff's post-removal stipulation reducing the amount in controversy did not require remand).

*Phillips v. State Farm Fire & Cas. Co.*, 2023 WL 2162594, at *2 (N.D. Okla. Feb. 22, 2023). Plaintiff's affidavit attempting to lower her damages by asserting her damage for her Home Claim is only $7,500 or now alleging that her Auto claim is only $2,600 is unavailing. Plaintiff plainly pled damages in an amount of at least $40,000 in her Petition.

### 2. Attorney's Fees

Defendants claim that if Plaintiff prevails, she may recover her attorney's fees under 36 O.S. § 3629(B). *See* Docket No. 2, ¶ 6. Plaintiff disputes whether she could recover her fees under this statute and argues that, even if she could recover her attorney's fees, such fees must bear some reasonable relationship to the amount in controversy, which is only $10,100. *See* Docket No. 18, pp. 3-4.

The Supreme Court "has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State*

-6-

*Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)); *see also Molzahn v. State Farm Mut. Auto. Ins.*, 422 F.2d 1321, 1322 (10th Cir. 1970). At this stage of the litigation, the Court will not endeavor to predetermine the recoverability of attorney's fees under § 3629(B) but simply notes the threshold for recovery. *See, e.g., Attain Specialty Ins. Co. v. Tribal Const. Co.*, 2013 WL 3776621, at *3 (W.D. Okla. July 17, 2013) (the "proof of loss" requirement in § 3629(B) does not require submission of a particularized form so long as the insured provides notification to the insurer of the loss for which coverage is claimed; *Hambelton v. Canal Insurance Co.*, 405 F. App'x 321, 323 (10th Cir.2001) (unpublished opinion) ("Any notice by an insured provides the insurer sufficient proof of loss if the notice 'serves the ultimate purpose of affording the insurer knowledge that can be acted upon.'") (quoting *Dixson Produce, LLC v. Nat'l Fire Insurance Co. of Hartford*, 99 P.3d 725, 729 (Okla. Civ. App. 2004)).

Plaintiff specifically sought to recover her attorney's fees in her prayer for relief for each of her four claims. *See* Docket No. 2, Ex. 1. Moreover, the Court is very familiar with the substantial discovery and pleading practice involved in pursuing a breach of contract and bad faith breach in the insurance context and the attendant attorney's fees resulting from such claims. In this matter, Plaintiff's attorney's fees are further compounded by her pursuit of claims against two insurers under two different policies for two different types of property damage. Far from being "closer to an Oklahoma small claims case," *see* Docket No. 18, p. 5, Plaintiff's claims are the type that are typically vigorously litigated and it is often expensive to prevail. While Defendants' Notice of Removal does not provide an estimated attorney's fees in their Notice of

Removal, it is reasonable to conclude based on the Court's experience and common sense that such an attorney's fee award would be multiples above the actual amount in controversy.

### 3. Punitive Damages

Defendants note that Plaintiff seeks punitive damages under both of her bad faith claims and could recover up to $100,000 in punitive damages under 12 O.S. § 9.1(B). *See* Docket No. 2, ¶ 7. In response, Plaintiff argues that she would have to hit a "home run" to exceed the jurisdictional threshold and that any punitive award exceeding a single-digit ratio with her compensatory damages would violate due process. *See* Docket No. 18, p. 5 (citing *Singleton v. Progressive Direct Ins. Co.*, 49 F.Supp.3d 988, 994 (N.D. Okla. 2014).

The general rule is that punitive damages may be considered in arriving at the total amount in controversy. *See Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994); *Flowers v. EZPawn Okla., Inc.*, 307 F.Supp.2d 1191, 1198 (N.D. Okla. 2004). As Plaintiff notes, however, Defendants must offer more than a "conclusory statement" that punitive damages are sought under Oklahoma law and that such law authorizes recovery in excess of that jurisdictional amount. *Singleton*, 49 F.Supp.3d at 993 (citing *Herndon v. American Commerce Ins. Co.*, 651 F.Supp.2d 1266, 1273 (N.D. Okla. 2009)). Otherwise "every civil action asserting punitive damages claim under Oklahoma law necessarily satisfies the amount in controversy requirement . . . simply because the maximum potential recovery exceeds $75,000." *Id.* (quoting *DKNP, LLC. v. Hartford Cas. Ins. Co.*, 2007 WL 120726, at *4 (N.D. Okla. Jan. 10, 2007)).

Defendants have met their burden in this case. Plaintiff asserts two claims for bad faith against two different insurers and, thus, she could recover punitive damages against each in an amount up to $100,000. It is not implausible that Plaintiff could hit a "home run" in achieving punitive damages in both bad faith claims and that when combined such punitive damage awards would be substantial, even if each is below $100,000.

### B. Jurisdictional Threshold

As specified in 28 U.S.C. § 1446(a), Defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. "If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: '[R]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart*, 574 U.S. at 88. As the Supreme Court noted in *Dart*, "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met." *Id*. at 88-89 (quoting H.R. Rep. No. 112–10, p. 16 (2011)).

Taken together, Defendants set forth that Plaintiff's pled damages of at least $40,000, with the potential of up to $100,000 in punitive damages for each of her two bad faith claims. Additionally, if Plaintiff is successful, she is likely to recover attorney's fees in an amount at least equal to her damage requests but more likely higher. Thus, based on a preponderance of the evidence, Defendants plausible allege an amount in excess of the jurisdictional threshold to support diversity jurisdiction under 28 U.S.C. § 1441.

**Conclusion**

Accordingly, Plaintiff's Motion to Remand Case to State District Court and Supporting Brief [Docket No. 18] is DENIED.

**DATED** this 30th day of March, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**